COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Huff and Senior Judge Clements

UNPUBLISHED

JAMES CECIL WHITENER, SR.

v.     Record No. 0523-19-3

PULASKI COUNTY DEPARTMENT OF
 SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 10, 2019

FROM THE CIRCUIT COURT OF PULASKI COUNTY
Bradley W. Finch, Judge

(Suzanne L. Bowen, on brief), for appellant.

(Michael J. Sobey; Roy David Warburton, Guardian *ad litem* for the
minor child; The Sobey Law Firm, P.C.; Warburton Law Offices, on
brief), for appellee.

James Cecil Whitener, Sr. (father) appeals an order terminating his parental rights.

Father argues that the circuit court erred by finding that the evidence was sufficient to terminate

his parental rights because "he participated in all services provided by the [Pulaski County]

Department of Social Services and maintained visitation with his son at all times except when he

was incarcerated." Upon reviewing the record and briefs of the parties, we conclude that this

appeal is without merit. Accordingly, we summarily affirm the decision of the circuit court. See

Rule 5A:27.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

"On appeal from the termination of parental rights, this Court is required to review the evidence in the light most favorable to the party prevailing in the circuit court." Yafi v. Stafford Dep't of Soc. Servs., 69 Va. App. 539, 550-51 (2018) (quoting Thach v. Arlington Cty. Dep't of Human Servs., 63 Va. App. 157, 168 (2014)).

In February 2016, the Pulaski County Department of Social Services (the Department) received a report that the child who is the subject of this appeal was born prematurely and substance exposed. On March 16, 2016, the Pulaski County Juvenile and Domestic Relations District Court (the JDR court) entered an emergency removal order, and the Department subsequently placed the child in a foster home.

The Department offered father various services, including a mental health and substance abuse evaluation, a comprehensive evaluation, domestic violence alternatives program, individual counseling, and a parenting coach. The Department also offered father visitation with the child and required father to submit to random drug screens.

From May 1, 2016 through November 11, 2017, father was incarcerated for malicious wounding charges. After his release, father completed three drug screens and tested negative each time. On November 15, 2017, father visited with the child.[2] Father visited with the child five more times before he was incarcerated again on March 30, 2018, for a probation violation. On March 27, 2018, he refused a drug screen but admitted that he would test positive for

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

[2] This was father's second visit with the child; he first visited the child on April 21, 2016.

marijuana and cocaine. Father was released on May 9, 2018, but incarcerated on July 15, 2018, for assault on a police officer, disorderly conduct, destruction of property, and possession of marijuana.

On September 13, 2018, the JDR court terminated father's parental rights, and father timely noted his appeal.[3]

On January 21, 2019, father was incarcerated for one felony count of strangulation and two felony counts of domestic assault and battery. Due to father's incarceration, he did not complete any of the Department's requirements; however, he did participate in four sessions with a parenting coach who helped him with housing and employment, but not parenting.

On March 1, 2019, the parties appeared before the circuit court. By agreement, the Department proffered that the child had been diagnosed with various conditions, including sensory processing disorder, global developmental delay, and being on the autism spectrum. While in foster care, the child received physical therapy, early intervention services, speech therapy, and occupational therapy, and had an individualized educational plan. Father testified that he loved the child and wanted to be "a very involved parent once his legal issues [were] resolved." After hearing the evidence and argument, the circuit court terminated father's parental rights under Code § 16.1-283(C)(1). This appeal followed.

ANALYSIS

Father argues that the circuit court erred when it found that the evidence was sufficient to terminate his parental rights. He acknowledges that he had been incarcerated "for long periods" while the child was in foster care, but also states that the Department did not provide any services to him while he was incarcerated. He asserts, however, that when he was not

_____

[3] The JDR court also terminated the parental rights of the child's mother, but she did not appeal.

incarcerated, he maintained contact with the Department, visited with the child, and participated in sessions with the parenting coach.

"On review, '[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Castillo v. Loudoun Cty. Dep't of Family Servs., 68 Va. App. 547, 558 (2018) (quoting Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128 (1991)). "Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Fauquier Cty. Dep't of Soc. Servs. v. Ridgeway, 59 Va. App. 185, 190 (2011) (quoting Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20 (1986)).

The circuit court terminated father's parental rights under Code § 16.1-283(C)(1), which requires clear and convincing evidence that

> [t]he parent [has] . . . without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent or parents and to strengthen the parent-child relationship.

"Proof that the parent . . . [has] failed without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition." Id.

The Department proffered that father's contact with the Department was "infrequent and irregular." Due to his repeated periods of incarcerations, father only visited with the child once in April 2016, twice in November 2017, three times in December 2017, and once in February 2018.

Contrary to father's arguments, the Department was not required to offer him services while he was incarcerated. See Harrison v. Tazewell Cty. Dep't of Soc. Servs., 42 Va. App. 149, 163-64 (2004). This Court has held that "[i]t would be patently unreasonable to require the Department, under such circumstances, to continue to offer services." Id. "[A]s long as he was incarcerated, the Department would have had no avenue available to offer [father] services aimed at assisting him in regaining custody of the child." Id. at 164.

At the time of the circuit court hearing, the child had been in foster care for approximately three years. Father had been incarcerated from May 1, 2016 through November 11, 2017 for malicious wounding charges. After being released from incarceration and visiting the child several times, he was subsequently incarcerated twice more for different charges, and the record does not indicate when he expected to be released. He had not complied with the Department's requirements, including drug testing requirements, and had had very little contact with the child. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Tackett v. Arlington Cty. Dep't of Human Servs., 62 Va. App. 296, 322 (2013) (quoting Kaywood v. Halifax Cty. Dep't of Soc. Servs., 10 Va. App. 535, 540 (1990)).

Considering the totality of the circumstances, the circuit court did not err in terminating father's parental rights under Code § 16.1-283(C)(1).

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.